UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIAO PHONG LE NGUYEN,<br>Petitioner,<br>v.<br>TODD BLANCHE, *et al.*,<br>Respondents. | Case No. 1:26-cv-04815 (VC)<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

This matter is before the Court on Petitioner Giao Phong Le Nguyen's petition for writ of habeas corpus, a non-citizen who was ordered removed to Vietnam in April 2004, and was recently re-detained by U.S. Immigrations and Customs Enforcement ("ICE"). *See* Dkt. No. 1 ¶¶ 16, 27. For the reasons that follow, the petition is denied.

## I. BACKGROUND

The facts of this matter are largely summarized in the order granting Petitioner's first petition for writ of habeas corpus and ordering his release. *See Le Nguyen v. Bondi*, No. 2:25-CV-01198 KWR-JMR, 2026 WL 892491 (D.N.M. Mar. 31, 2026). In sum, Petitioner was granted legal permanent resident status in the nineties. Dkt. No. 1 ¶ 14. His legal status was revoked, however, and he was ordered removed after being convicted for charges stemming from a drive by shooting. *Nguyen*, 2026 WL 892491, at *1; Dkt. No. 1 ¶¶ 15, 16. Following this removal order, Petitioner was briefly detained by the Department of Homeland Security ("DHS"), but was released on an order of supervision after DHS was unable to remove him to his home country of Vietnam. Dkt. No. 1 ¶ 17.

ICE detained Petitioner on January 20, 2025 without notice and without first revoking his

Order of Supervision. *Id.* ¶ 19. Petitioner filed a petition for writ of habeas corpus in the District of New Mexico following this detention. *Id.* ¶ 20. The Court granted the petition and ordered Petitioner's release on the grounds that (1) ICE violated Petitioner's due process rights when they failed to follow the procedures set forth in 8 C.F.R. § 241.4(l) and § 241.13(i) in revoking Petitioner's order of supervision, and (2) Petitioner's detention had become unconstitutionally prolonged under *Zadvydas v. Davis. Nguyen*, 2026 WL 892491, at *4–10.

Following his release, Petitioner was re-detained by ICE on June 18, 2026 outside his home. Dkt. No. 1 ¶ 2. He claims that ICE, again, did not provide him with the process required by §§ 241.4(l) and 241.13(i). *Id.* Specifically, he alleges that ICE did not provide him "with written notice of any revocation of his OSUP, did not state any individualized, contemporaneous determination that removal had become significantly likely in the reasonably foreseeable future based on changed circumstances, and did not afford him the informal interview or custody review required by 8 C.F.R. §§ 241.4(l) and 241.13(i)." *Id.* ¶ 27.

In response to the Petition, Respondents submitted the declaration of Deportation Officer Marco Follert, which attached what appears to be a Vietnamese passport for Petitioner and a document titled "Notice of Revocation of Release" dated June 18, 2026 indicating that Petitioner's release was revoked because "ICE had obtained a travel document [for Petitioner] and scheduled [his] removal to take place no later than: 10/02/2026." Dkt. No. 5 at 70–71. The Notice of Revocation included a proof of service indicating that Petitioner was served with the notice on June 18, 2026. *Id.* at 72. The declaration also attached a form titled "Alien Informal Interview Upon Revocation of Order of Supervision Under 8 C.F.R. § 241.1(l); 8 C.F.R. § 241.13(i)" indicating that Deportation Officer A. Meneses interview Petitioner on June 18, 2026. *Id.* at 76. Finally, the declaration attests that ICE has removal flights to Vietnam scheduled to depart roughly once per month. *Id.* at 10. ICE intends to schedule Petitioner to depart on one of these flights once the instant habeas petition is adjudicated. *Id.*

## II. DISCUSSION

Petitioner asserts that the revocation of his order of supervision and prolonged re-

detention violates the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001), as well as his due process rights, the Administrative Procedure Act ("APA"), and the *Accardi* Doctrine because Respondents did not follow their own regulations in revoking his order of supervision for a second time. *See* Dkt. No. 1 ¶¶ 51–80.

**A. Revocation of Order of Supervision**

Specific regulations, 8 C.F.R. §§ 241.13(i) and 241.4(l), govern how and when ICE may revoke the release of a noncitizen who has been ordered removed. Section 241.13(i) permits revocation of release "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). Additionally, the "revocation procedures" outlined in the regulations require that the noncitizen "be notified of the reasons for revocation of his or her release" and receive an "initial informal interview promptly" after being detained, to "afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." *Id.* § 241.13(i)(3).

Respondents have made a showing that these procedures were followed in detaining Petitioner this second time. For one, evidence submitted by Respondents indicate that there is significant likelihood that Petitioner will be removed in the foreseeable future. Respondents submitted evidence of a Vietnamese passport recently issued for Petitioner, attested to a date upon which Petitioner will be removed by (October 2, 2026), and explained that ICE is currently holding monthly removal flights to Vietnam. Dkt. No. 5 at 10, 70–71. These facts were not present when Petitioner was initially released by the New Mexico court, however, there existence now demonstrates that there is a significant likelihood that he will be removed in the coming months, justifying the revocation of his release and his second detention. *See Sikeo v. Albarran*, No. 1:25-CV-01505-KES-HBK (HC), 2026 WL 603740, at *3(E.D. Cal. Mar. 4, 2026) (finding the government had demonstrated a significant likelihood of removal, justifying Petitioner's detention, where they had obtained travel documents for petitioner).

Additionally, Respondents submitted evidence that the procedures under § 241.13(i) were

followed in revoking Petitioner's release. He was served with a "Notice of Revocation" indicating why his release was being revoked (i.e., issuance of travel documents) on the day he was detained, and he was provided an informal interview. Dkt. No. 5 at 70, 76. Petitioner did not file a reply challenging the authenticity of these documents. Accordingly, Petitioner's APA, due process, and *Accardi* doctrine claims—all of which rely on Petitioner's assertion that Respondents failed to follow their own regulations—are denied.

### *B. Zadvydas*

Petitioner argues that his detention violates the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001) because his removal is not significantly likely in the reasonably foreseeable future. *See* Dkt. No. 1 ¶¶ 61–68. The Supreme Court has recognized a presumptively reasonable period of detention of six months after a noncitizen's removal order becomes final. *Zadvydas*, 533 U.S. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Assuming Petitioner's detention has exceeded the presumptively reasonable six-month detention period, Respondents have successfully rebutted Petitioner's showing that his removal is not reasonably foreseeable. As explained above, Respondents submitted a declaration indicating that Petitioner is subject to a final removal order, that Vietnam issued a travel document for Petitioner, and that ICE intends to remove Petitioner by October 2, 2026 at the latest. Dkt. No. 10, 70–71. On this evidence, Respondents have shown that Petitioner's removal in the near future is likely. *See, e.g.*, *Talebi v. LaRose*, No. 26-CV-00165-BAS-JLB, 2026 WL 475359, at *2 (S.D. Cal. Feb. 19, 2026) (finding significant likelihood of removal where travel documents had been obtained and flight was scheduled); *Ashour v. Noem*, No. 3:26-CV-00422-RBM-SBC, 2026 WL 310198, at *2 (S.D. Cal. Feb. 5, 2026) (same). Accordingly, Petitioner's *Zadvydas* claim is denied.

## III. CONCLUSION AND ORDER

The petition for writ of habeas corpus is DENIED and the Court's prior no transfer order

is vacated. Dkt. No. 4. The clerk of the Court is directed to close this case and enter judgment in favor of Respondents.

**IT IS SO ORDERED.**

Dated: July 23, 2026

VINCE CHHABRIA
United States District Judge